**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mathew Thompson, | Case No. 2:25-cv-01714-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Nye County Sheriff's Department, Deputy Andrew Letchworth, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff has also moved to amend his complaint. (ECF No. 5). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court further grants Plaintiff's motion to amend his complaint[1] and screens Plaintiff's proposed amended complaint.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff's income does not exceed his expenses. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

---

[1] Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave and the court "should freely give leave when justice so requires." Plaintiff seeks to amend his complaint to add additional facts that he has learned and to expand upon certain claims. The Court finds that justice so requires that the Court allow the amendment and thus grants the motion. As a result, the Court screens only the proposed amended complaint because, generally, an amended complaint supersedes an original, rendering the former without any legal effect. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## II.     Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

    ***A.    Background.***

Plaintiff sues Nye County and Nye County Sheriff's Deputy Andrew Letchworth in his official and personal capacity[2] for damages, injunctive relief, and a declaratory judgment. Plaintiff alleges that on March 4, 2024, he was working in his yard at his residence in Tonopah, Nevada. Plaintiff approached his home to enter the front door when Letchworth arrived in a marked police vehicle and ordered Plaintiff, via loudspeaker, to refrain from entering his home and to approach a truck parked in the driveway. Plaintiff asked Letchworth multiple times regarding Letchworth's authority for his demands and for his presence on Plaintiff's property. In response, Letchworth told Plaintiff "I don't need to give you a law; either do as I am directing you or I will place you under arrest." Given Letchworth's threat, Plaintiff complied, but was "unlawfully detained on his own property without probable cause or a warrant." Plaintiff does

---

[2] Plaintiff asserts that he is suing Letchworth in both his individual and official capacity. However, an official capacity suit against a municipal officer is equivalent to a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). So, Plaintiff's claims against Letchworth in his official capacity are redundant to Plaintiff's claims against Nye County.

not explain whether Letchworth placed him in cuffs or prohibited from leaving his yard or some other space.  Letchworth issued Plaintiff a criminal driving on a suspended license citation and had Plaintiff's legally registered and insured truck towed.  Plaintiff again asked Letchworth about the laws authorizing him to tow Plaintiff's vehicle from his property and Letchworth responded again, "I don't have to give you any laws; I know I can tow this vehicle."

As a result, Plaintiff alleges that he incurred towing and impound fees totaling $308.00 and $300.00 in interest due to a loan that he took out to release the vehicle.  Plaintiff adds that he lost revenue totaling $9,000.00 due to an inability to fulfill a contract (apparently related to his ability to use his truck to work) as a result of Letchworth towing it.  Plaintiff claims that on Letchworth's internal report, Letchworth falsely claimed that the vehicle was not towed, that the address (presumably from which the truck was towed) was commercial, and that Plaintiff had no insurance.  Plaintiff also asserts that the report had a checkbox stating, "Racial Profile Created," which was marked "yes."  Plaintiff claims that this indicates that Nye County has policies for its officers to racially profile individuals they encounter.

Within days following the incident, Plaintiff filed internal complaints with the Nye County Sheriff's Department.  After receiving no response for several months, Plaintiff escalated his complaint on July 5, 2024, to the Peace Officer Advisory Review Board.  On October 30, 2024, the Board found Letchworth negligent in his actions due to "misunderstanding agency policies," and "failure to follow agency policies."  But Nye County refused to take any disciplinary or corrective action.

///

///

///

Plaintiff brings the following causes of action arising under 42 U.S.C. § 1983: (1) unlawful seizure by virtue of his detention; (2) unlawful seizure arising out of Letchworth towing his vehicle; (3) violation of the Due Process Clause of the Fifth and Fourteenth Amendments by virtue of his truck being towed without a pre-deprivation hearing; (4) retaliation; (5) excessive fines; (6) false arrest and malicious prosecution; (7) *Monell* liability; (8) racial profiling; and (9) conspiracy to violate constitutional rights.[3]

### B.    Discussion.

42 U.S.C. § 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.    Unreasonable seizure by detaining Plaintiff.

The Fourth Amendment governs the reasonableness of government searches and seizures. See U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... but upon probable cause ..."). Plaintiff does not sufficiently allege a claim for unreasonable seizure against Letchworth for detaining him because his allegations do not provide sufficient detail. Plaintiff alleges that he was "unlawfully detained on his own property without probable cause or a warrant." But without additional detail regarding how or why he was detained and why it was

---

[3] Plaintiff does not identify which Defendant he brings these claims against. However, as discussed more fully below, municipalities cannot be vicariously liable for their employees actions under 42 U.S.C. § 1983. So, to the extent Plaintiff brings these claims against Nye County simply because it employed Letchworth when he took the actions alleged, those claims would fail. The Court therefore construes Plaintiff's complaint as bringing each of these claims—with the exception of the excessive fines and *Monell* claims—against Letchworth in his individual capacity.

unlawful for Letchworth to do so, Plaintiff's claim is entirely conclusory.  The Court therefore dismisses Plaintiff's Fourth Amendment unreasonable seizure claim against Letchworth for detaining him without prejudice and with leave to amend.

2.      Unreasonable seizure by towing Plaintiff's truck.

Plaintiff sufficiently alleges a claim for unreasonable seizure under the Fourth Amendment against Letchworth for towing his vehicle.  Plaintiff alleges that Letchworth did not have any probable cause to tow Plaintiff's car, either in the form of a warrant or exigent circumstances.  Letchworth also refused to give Plaintiff any reason for towing the vehicle.  Moreover, Letchworth later reported that he did not tow the car at all.  The Court therefore allows Plaintiff's Fourth Amendment unreasonable seizure claim to proceed against Letchworth for towing Plaintiff's truck.

3.      Due process violations.

"The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments."  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  Plaintiff does not allege that any of the defendants are federal actors.  So, the Court dismisses his due process claim as brought under the Fifth Amendment without prejudice and with leave to amend.

To state a colorable Fourteenth Amendment Due Process Clause violation, a plaintiff must establish (1) a liberty or property interest that he has been deprived of, and (2) that the procedures followed by the State were constitutionally insufficient.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  To have a property interest, a person must have a legitimate claim of entitlement to the property.  *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  If a constitutionally protected property interest exists, the government must provide the deprived individual due process in the form of notice and an opportunity to respond.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  Here, Plaintiff has alleged that Letchworth deprived him of his property interest in his truck without notice and an opportunity to respond.

He has therefore alleged a colorable Fourteenth Amendment Due Process Clause violation claim against Letchworth and the Court allows this claim to proceed.

### 4. Retaliation.

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions would chill or silence a person of ordinary firmness from future First Amendment activities; and (3) that the defendant intended to inhibit speech. *See Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300–01 n.32 (9th Cir. 1999). "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987); *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013), *abrogated by Nieves v. Bartlett*, 587 U.S. 391 (2019). However, "[a] plaintiff may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 464 (9th Cir. 1994) (internal quotations omitted).

Plaintiff has not alleged a colorable claim for First Amendment retaliation against Letchworth. Although Plaintiff has sufficiently alleged that he was engaged in constitutionally protected activity, he has not alleged the remainder of the elements of this claim. Plaintiff has not alleged that Letchworth's actions in detaining him (which actions Plaintiff does not describe) caused him to suffer any injury, let alone an injury that would chill a person of ordinary firmness from continuing to engage in that activity. Plaintiff also does not sufficiently allege that Letchworth detained Plaintiff as a result of Plaintiff questioning Letchworth's actions. So, Plaintiff has not alleged sufficient factual detail to assert a colorable claim for First Amendment retaliation against Letchworth and the Court therefore dismisses this claim without prejudice and with leave to amend.

### 5. Excessive fines.

The Excessive Fines Clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (quoting *Austin v. United States*, 509 U.S. 602,

609–10 (1993)) (internal quotation marks omitted).  Only punitive fines fall within the Clause's scope; purely remedial sanctions are not subject to Eighth Amendment scrutiny.  *Austin v. United States*, 509 U.S. 02, 609–10 (1993); *United States v. Mackby*, 261 F.3d 821, 829–30 (9th Cir. 2001); *Pimentel v. City of Los Angeles*, 115 F.4th 1062, 1067 (9th Cir. 2024), *cert. denied sub nom. City of Los Angeles, California v. Pimentel*, 145 S. Ct. 2735, 222 L. Ed. 2d 1013 (2025).  Plaintiff does not allege a colorable claim for violation of the Excessive Fines Clause because he does not allege that he paid the impound fees to Nye County or Letchworth.  Plaintiff also does not allege that he obtained the loan to release the vehicle from either Nye County or Letchworth such that the interest on that loan is a "fine" within the meaning of the Eighth Amendment.  The Court therefore dismisses this claim without prejudice and with leave to amend.

6.      False arrest and malicious prosecution.

As a preliminary matter, the Court liberally construes this claim as one for malicious prosecution only because Plaintiff's false arrest claim is redundant of his unreasonable seizure claim related to his detention.  And, as the Court has already pointed out, Plaintiff does not provide sufficient allegations to constitute this claim.

Plaintiff also does not allege sufficient facts to support a malicious prosecution claim.  The "gravamen" of the tort of malicious prosecution is the wrongful initiation of charges without probable cause.  *Thompson v. Clark*, 596 U.S. 36, 43 (2022).  In the context of a Fourth Amendment malicious prosecution claim, those charges must result in a seizure as well.  *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024).  Here, Plaintiff does not allege that Letchworth wrongfully initiated charges against him without probable cause.  Plaintiff alleges that Letchworth "issued a criminal driving on a suspended license citation…"  But Plaintiff does not allege that this citation was without probable cause.  Later in his complaint, Plaintiff states that he "was charged without probable cause, and the charges were subsequently dismissed."  But Plaintiff does not allege what crimes he was charged with, when, by whom, or the circumstances surrounding their dismissal.  Without this information, it is not clear if Plaintiff is referring to the criminal driving on a suspended license citation or some other charges.  And while Plaintiff refers to "Exhibit A: Court Dismissal," he does not attach that exhibit.  Without

more, Plaintiff does not allege a colorable claim for malicious prosecution and the Court dismisses it without prejudice and with leave to amend.

### 7.    *Monell* claim.

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)).  To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id*. at 60.

Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95.  "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Here, Plaintiff does not allege sufficient facts to establish *Monell* liability against Nye County.  Plaintiff alleges that because there is a checkbox for "Racial Profile Created" on Nye County's report forms that Nye County has a policy of allowing its officers to racially profile individuals.  However, it is not clear from Plaintiff's allegations that this checkbox refers to the constitutional violation of racial profiling.  And the existence of this checkbox alone does not demonstrate that Nye County had a policy or custom to allow racial profiling.  Moreover, as outlined below, Plaintiff provides no other facts to support his allegation that he was profiled based on his race other than pointing to this checkbox.  So, even if he did establish that Nye County has a practice or custom of racial profiling, he has not alleged that he suffered a constitutional deprivation that was the result of that practice or custom.  The Court therefore dismisses this claim without prejudice and with leave to amend.

8.      Racial profiling.

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *Thomas v. Melendez*, No. 1:16-cv-01759-LJO-JLT, 2016 WL 7116720 at *3 (E.D. Cal. Dec. 7, 2016) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996) and *James v. City of Seattle*, No. C10-1612-JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011)). To state a claim for racial profiling in violation of the Fourteenth Amendment's Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff does not allege a colorable claim for racial profiling because he does not allege that Letchworth acted with the intent or purpose to discriminate against him based on his membership in a protected class. As an initial matter, Plaintiff does not identify his race or the protected class to which he asserts he belongs. And other than pointing to a checkbox that Letchworth marked, he does not point to any of Letchworth's other actions that demonstrate a discriminatory intent. The Court therefore dismisses this claim without prejudice and with leave to amend.

9.      Conspiracy.

To state a conspiracy claim under § 1983,[4] a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012); *see also Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir.1999). "To be liable, each participant in the conspiracy need not know the exact details

---

[4] The Court notes that Plaintiff does not invoke 42 U.S.C. §1985(3). But even if the Court were to consider him as bringing a conspiracy claim under that provision, he would not have successfully alleged it. This is because 42 U.S.C. § 1985(3) requires an intent to deprive the plaintiff of equal protection, or equal privileges and immunities, meaning that there must be some racial or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (*citing Griffin v. Breckenridge*, 403 U.S. 88, 101-102 (1971)). While Plaintiff alleges that he was racially profiled, he does not provide sufficient allegations to support that claim. Additionally, Plaintiff's conspiracy allegations are too conclusory to state a claim upon which relief can be granted, regardless of the statutory provision under which he brings it.

of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989). Because conspiracies are secret agreements, "[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions." *Gilbrook*, 177 F.3d at 856–57.

To plead a claim of conspiracy under § 1983, plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. *Miller v. California*, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012).

Plaintiff does not allege a claim for conspiracy under 42 U.S.C. § 1983 because his allegations are entirely conclusory. Plaintiff does not allege facts to establish an agreement between Letchworth and any other person or demonstrate that Letchworth's actions were in furtherance of that conspiracy. Because Plaintiff does not allege facts with sufficient particularity to show an agreement or a meeting of the minds, the Court dismisses Plaintiff's conspiracy claim without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 5) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's amended complaint (ECF No. 5-1) on the docket and issue summons to Nye County Sheriff's Deputy Andrew Letchworth.

**IT IS FURTHER ORDERED** that the following claims are **dismissed without prejudice and with leave to amend**:

(1) Plaintiff's Fourth Amendment unreasonable seizure claim for his alleged detention;

(2) Plaintiff's Fifth Amendment due process claim;

(3) Plaintiff's First Amendment retaliation claim;

(4) Plaintiff's Eighth Amendment excessive fines claim;

(5) Plaintiff's malicious prosecution claim;

(6) Plaintiff's *Monell* claim;

(7) Plaintiff's racial profiling claim;

(8) Plaintiff's conspiracy claim.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on the following claims:

(1) Plaintiff's Fourth Amendment unreasonable seizure claim arising out of Letchworth towing his truck;

(2) Plaintiff's Fourteenth Amendment due process claim;

**IT IS FURTHER ORDERED** that, because Plaintiff is proceeding *in forma pauperis* under 42 U.S.C. § 1915, he is entitled to rely on the United States Marshal's Service ("USMS") for service.  Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service: (1) the summons issued to Letchworth; (2) a copy of the amended complaint; and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 31, 2026,** to complete the Form USM-285 and send that completed form to the USMS.

**IT IS FURTHER ORDERED** that, upon receipt of Plaintiff's Form USM-285, the USMS shall attempt service on the defendant.

**IT IS FURTHER ORDERED** that within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that service must be perfected on or before **June 9, 2026**. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: March 10, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE