**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Mathew Thompson,<br>Plaintiff,<br>v.<br>Nye County, Deputy Andrew Letchworth,<br>Defendants. | Case No. 2:25-cv-01714-JAD-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. Plaintiff moves to extend time for service of his second amended complaint (ECF No. 13) and has moved to file a third amended complaint (ECF No. 14). The assigned magistrate judge recommends[1] granting Plaintiff's motion to amend in part and denying it in part. (ECF No. 14). Because the undersigned recommends allowing Plaintiff to amend certain of his claims, the undersigned further provides a screening analysis of those claims. The undersigned recommends denying Plaintiff's motion to extend time to serve his second amended complaint as moot because Plaintiff has sought to file a third amended complaint. (ECF No. 13).

## I. Plaintiff's motion to amend.

Plaintiff moves to amend his complaint to add additional facts to the claims he has already alleged and to add new Defendants and allegations arising out of a public records request that he made after he initiated this lawsuit. So, Plaintiff's motion is one to amend under Federal Rule of Civil Procedure 15(a)(2) and a motion to supplement under Federal Rule of Civil Procedure

---

[1] The undersigned issues this decision as a report and recommendation because denying Plaintiff's motion to amend in part would be dispositive of the claims the undersigned recommends dismissing, at least in this action. *See* 28 U.S.C. § 636(b)(1)(A); *see S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (explaining that where denial of a motion is effectively a denial of the ultimate relief sought, such a motion is considered dispositive).

15(d). Plaintiff's motion also arises under Federal Rule of Civil Procedure 20(a)(2) because Plaintiff seeks to add additional Defendants. As the undersigned outlines below, Plaintiff's request to amend is proper and the undersigned recommends granting it. However, the undersigned recommends denying Plaintiff's request to supplement under Federal Rule of Civil Procedure 15(d) because supplementation would not promote judicial efficiency and denying his request under Federal Rule of Civil Procedure 20(a)(2) because Plaintiff seeks to join Defendants even though his alleged right to relief against them does not arise out of the same transaction, occurrence, or series of transactions or occurrences.

***A. Plaintiff's proposed amendments.***

The first amended complaint on which Plaintiff is proceeding in this action alleges various claims against Nye County and Nye County Sheriff's Deputy Andrew Letchworth arising out of a March 4, 2024, incident in which Letchworth allegedly detained Plaintiff and had his truck towed without probable cause. Plaintiff's first amended complaint also arises out of Plaintiff's alleged complaints to the Nye County Sheriff's Department about Letchworth; the Peace Officer Advisory Review Board's subsequent finding that Letchworth failed to follow agency policy; and Nye County's failure to discipline Letchworth. Plaintiff's proposed third amended complaint builds on those allegations.

In his proposed third amended complaint, Plaintiff alleges that on March 4, 2024, he was doing yardwork when Letchworth arrived in a patrol vehicle and used the PA system to direct Plaintiff to stop and to walk to Plaintiff's truck parked in the driveway. Plaintiff asserts that he asked Letchworth multiple times to provide the legal basis for his presence and commands, but that Letchworth only threatened Plaintiff with arrest if he continued to ask questions and did not comply. So, Plaintiff complied.

Plaintiff alleges that Letchworth exited the patrol vehicle and demanded Plaintiff's driver's license, vehicle registration, and proof of insurance (presumably for the truck parked in the driveway). Plaintiff told Letchworth that he had not been driving. Letchworth accused Plaintiff of lying and again threatened him with arrest. Plaintiff instructed his girlfriend to

retrieve the documents Letchworth demanded and then provided Letchworth with his valid and current vehicle registration and valid proof of insurance.

Letchworth nonetheless issued a citation charging Plaintiff with Driving with License Suspended even though Plaintiff was not driving and Letchworth had not observed Plaintiff operating a motor vehicle. Letchworth also ordered Plaintiff's truck towed from his home, which tow Plaintiff asserts was made without a warrant, without probable cause, and without exigent circumstances. Plaintiff asserts that he received no notice and no opportunity to be heard.

When Plaintiff questioned Letchworth about his authority to tow the truck, Letchworth responded, "I don't have to give you any laws; I know I can tow this vehicle." Because the truck was towed, Plaintiff had to pay $308.00 to retrieve it and incurred $300.00 in loan interest. Plaintiff also asserts that, because his truck was towed, he was unable to fulfill a contract to provide moving services in return for which he expected to receive $9,000.00 in revenue.

Plaintiff alleges that he also identified various falsehoods on Letchworth's official report regarding the incident. Those include listing Plaintiff's home address as a business, claiming that Plaintiff's vehicle was not insured when it was, listing Plaintiff's vehicle as not being towed when it was, and listing Plaintiff as Hispanic/Latino when Plaintiff is not Hispanic/Latino but Scandinavian.

After the incident Plaintiff brought a complaint against Letchworth with the Nye County Sheriff's Department. He escalated that complaint to the Peace Officer Advisory Review Board on July 5, 2024. On October 30, 2024, the Board sustained a violation for Failure to Follow Agency Policy against Letchworth. Plaintiff claims that Nye County and its Sheriff Joe McGill refused to impose any disciplinary action against Letchworth, although Plaintiff dos not describe McGill's role in that decision beyond McGill's position as Sheriff. On August 20, 2025, the criminal citation for Driving with License Suspended was dismissed by the Justice Court of Tonopah Township.

Plaintiff also references three other complaints that third parties have brought against Letchworth, which complaints or incidents are dated April 9, 2024; April 2, 2026; and April 27, 2026. The April 9, 2024, complaint consists of a person alleging that Letchworth struck them

while they were handcuffed. The April 2, 2026, complaint consists of a person alleging that Letchworth made false claims about them and had their truck towed without cause. The April 27, 2026, complaint consists of a person alleging that Letchworth illegally searched and towed their vehicle.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave to amend when justice so requires. The Court considers five factors when assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Here, the undersigned finds that those factors weigh in favor of granting Plaintiff leave to amend the above allegations. The undersigned finds no basis to conclude that Plaintiff has moved in bad faith. Plaintiff's attempts at amending before his instant motion weighs against a finding of undue delay. No party has been served, which weighs against prejudice. As outlined below, the amendment is not futile. And although Plaintiff has previously amended the complaint, given his pro se status, the undersigned does not find that this factor weighs against permitting Plaintiff's amendment. The undersigned therefore recommends granting Plaintiff's motion to amend in part as to his claims arising out of the above referenced facts and screens Plaintiff's proposed amended claims below.

***B. Plaintiff's proposed supplements.***

Plaintiff's proposed amended complaint includes supplements of incidents that occurred after Plaintiff filed his action on September 11, 2025. Plaintiff brings various claims[2] against Sheriff McGill, Custodian of Records for the Nye County Sheriff's Office Julie Nicholson, Nye

[2] These claims include: (1) deprivation of right to access the Courts in violation of the First and Fourteenth Amendments against Nicholson; (2) deprivation of right to access the Courts in violation of the First and Fourteenth Amendments against Kunzi and McGill; (3) violation of Nevada Public Records Act NRS Chapter 239 against Nicholson, Kunzi, and McGill; and (4) a *Monell* claim against Nye County for its handling of the public records request. Plaintiff also brings a claim for deprivation of right to access the Courts in violation of the First and Fourteenth Amendments against "all Defendants." However, Plaintiff does not explain how Letchworth denied him access to public records. So, the Court construes this claim as being brought against Nicholson, Kunzi, McGill, and Nye County only.

County District Attorney Brian Kunzi, and Nye County arising out of a public records request Plaintiff submitted to the Nye County Sheriff's Office on October 27, 2025. Plaintiff alleges that on November 26, 2025, Nicholson denied Plaintiff's request, citing privacy interests. On May 28, 2026, Plaintiff appealed that decision and stated that he would agree to have complainants' names and contact information redacted. On June 4, 2026, Nicholson explained that she had contacted Kunzi for legal advice and would respond to Plaintiff by July 7, 2026. Nicholson missed that date and on July 8, 2026, Plaintiff followed up. Nicholson promised a response by July 13, 2026. On July 14, 2026, Nicholson provided Plaintiff with a formal response letter. Plaintiff alleges that Nicholson misrepresented Nevada law to justify continued withholding of the requested documents. Nicholson did release three citizen complaints and stated that the names and contact information of the complainants was redacted. Plaintiff asserts that this was false because the complaints were not entirely redacted. Plaintiff claims that this further means that "Defendants"—presumably Nye County, Kunzi, Nicholson, and McGill—used privacy interests as a pretext to avoid disclosing records. Plaintiff references certain news stories regarding Kunzi's treatment of public records requests to support his allegations that Nye County had a policy of withholding public records.

Here, while Federal Rule of Civil Procedure 15(d) allows a party to supplement their complaint to set out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented, supplemental pleadings cannot be used to introduce a separate, distinct, and new cause of action. *See* Fed. R. Civ. P. 15(d); *see Planned Parenthood of S. Az. V. Neely (Neely)*, 130 F.3d 400, 402 (9th Cir. 1997). And while Federal Rule of Civil Procedure 20(a)(2) permits Defendants to be joined in an action, it only does so if a right to relief is asserted against them with respect to the same transaction, occurrence, or series of transactions or occurrences and if there is a question of law or fact common to all Defendants that will arise in the action. Plaintiff's claims arising out of his public records requests are separate, distinct, and new causes of action. And, with the exception of his claims related to his public records requests alleged against Nye County, they are plead against new Defendants. But the claims against the new Defendants do not arise out of the same events as those Plaintiff originally plead. Instead,

they arise out of Plaintiff's separate attempt to request public records. While those public records are related to Letchworth and could be relevant in this lawsuit, that does not mean that Plaintiff's claims arise out of the same events that gave rise to this lawsuit. So, although Plaintiff's proposed supplemental claims may form the basis of a separate lawsuit, Plaintiff may not bring them in this lawsuit. The undersigned therefore recommends that Plaintiff's motion to amend his complaint be denied in part with regard to the supplemental claims brought against Nye County, McGill, Nicholson, and Kunzi described above.

## II. Screening Plaintiff's proposed amendment.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### *A. Unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment against Letchworth.*

The Fourth Amendment governs the reasonableness of government searches and seizures. *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated … but upon probable cause …"). Here, Plaintiff alleges a colorable claim for unreasonable seizure against Letchworth because he alleges that Letchworth ordered him to stand by his vehicle and did not allow Plaintiff to leave the immediate area. Plaintiff also claims that Letchworth did so without probable cause because Plaintiff was simply doing yardwork and because Letchworth ultimately cited Plaintiff for driving without a license when Letchworth had not observed Plaintiff driving. The undersigned therefore recommends permitting Plaintiff's Fourth Amendment unreasonable seizure claim on the basis of Letchworth's detention of Plaintiff to proceed against Letchworth.

### *B. Unreasonable seizure of Plaintiff's truck in violation of the Fourth Amendment against Letchworth.*

Plaintiff sufficiently alleges a claim for unreasonable seizure under the Fourth Amendment against Letchworth for towing his vehicle. Plaintiff alleges that Letchworth did not have any probable cause to tow Plaintiff's car, either in the form of a warrant or exigent circumstances. Letchworth also refused to give Plaintiff any reason for towing the vehicle. Moreover, Letchworth later reported that he did not tow the car at all. The undersigned therefore recommends allowing Plaintiff's Fourth Amendment unreasonable seizure claim to proceed against Letchworth for towing Plaintiff's truck.

### *C. Deprivation of property without a pre-deprivation hearing in violation of the Due Process Clause of the Fourteenth Amendment against Letchworth.*

To state a colorable Fourteenth Amendment Due Process Clause violation, a plaintiff must establish (1) a liberty or property interest that he has been deprived of, and (2) that the procedures followed by the State were constitutionally insufficient. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). To have a property interest, a person must have a legitimate claim of entitlement to the property. *See Bd. of Regents of State Colls. V. Roth*, 408 U.S. 564, 577 (1972). If a constitutionally protected property interest exists, the government must provide the deprived individual due process in the form of notice and an opportunity to respond. *See Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532, 546 (1985). Here, Plaintiff has alleged that Letchworth deprived him of his property interest in his truck without notice and an opportunity to respond. He has therefore alleged a colorable Fourteenth Amendment Due Process Clause violation claim against Letchworth and the undersigned recommends allowing this claim to proceed.

### *D. Retaliation in violation of the First Amendment against Letchworth.*

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions would chill or silence a person of ordinary firmness from future First Amendment activities; and (3) that the defendant intended to inhibit speech. *See Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300–01 n.32 (9th Cir. 1999). "[T]he First Amendment protects a

significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987); *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013), *abrogated by Nieves v. Bartlett*, 587 U.S. 391 (2019). However, "[a] plaintiff may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 464 (9th Cir. 1994) (internal quotations omitted).

Here, Plaintiff alleges a colorable claim for First Amendment retaliation against Letchworth. Plaintiff alleges that he was engaged in constitutionally protected activity by questioning the basis for Letchworth's actions. Plaintiff also alleges that Letchworth's actions in response—preventing Plaintiff from going inside his house or leaving a designated space, giving Plaintiff a citation, and towing Plaintiff's vehicle—would chill a person of ordinary firmness from engaging in future First Amendment activities. Finally, Plaintiff alleges that Letchworth intended to inhibit Plaintiff's speech because Letchworth took the actions he did because of Plaintiff's questions. So, the undersigned recommends allowing Plaintiff's First Amendment retaliation claim to proceed against Letchworth.

***E. Excessive fines in violation of the Eighth Amendment against Nye County.***

The Excessive Fines Clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (quoting *Austin v. United States*, 509 U.S. 602, 609–10 (1993)) (internal quotation marks omitted). Only punitive fines fall within the Clause's scope; purely remedial sanctions are not subject to Eighth Amendment scrutiny. *Austin*, 509 U.S. at 609–10; *United States v. Mackby*, 261 F.3d 821, 829–30 (9th Cir. 2001); *Pimentel v. City of Los Angeles*, 115 F.4th 1062, 1067 (9th Cir. 2024), *cert. denied sub nom. City of Los Angeles, California v. Pimentel*, 145 S. Ct. 2735, 222 L. Ed. 2d 1013 (2025). Plaintiff does not allege a colorable claim for violation of the Excessive Fines Clause because, while Plaintiff alleges that the impound fee was a "government-compelled payment," he does not allege that Nye County or Letchworth levied the fee or that he paid the impound fees to Nye County or Letchworth. Plaintiff also does not allege that he obtained the loan to release his truck from either Nye County

or Letchworth such that the interest on that loan is a "fine" within the meaning of the Eighth Amendment. The undersigned therefore recommends dismissing this claim without prejudice and with leave to amend.

### ***F. Malicious prosecution in violation of the Fourth Amendment against Letchworth.***

The "gravamen" of the tort of malicious prosecution is the wrongful initiation of charges without probable cause. *Thompson v. Clark*, 596 U.S. 36, 43 (2022). In the context of a Fourth Amendment malicious prosecution claim, those charges must result in a seizure as well. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024). Here, Plaintiff alleges that Letchworth issued the Driving on a Suspended License citation without probable cause because Letchworth did not witness Plaintiff driving. Plaintiff also asserts that the citation was later dismissed. And Plaintiff alleges that the citation resulted in a seizure of his truck. So, Plaintiff alleges a colorable claim for malicious prosecution against Letchworth and the undersigned recommends allowing this claim to proceed.

### ***G. Racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment against Letchworth.***

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *Thomas v. Melendez*, No. 1:16-cv-01759-LJO-JLT, 2016 WL 7116720, at *3 (E.D. Cal. Dec. 7, 2016) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996) and *James v. City of Seattle*, No. C10-1612-JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011)). To state a claim for racial profiling in violation of the Fourteenth Amendment's Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff does not allege a colorable claim for racial profiling because he does not allege that Letchworth acted with the intent or purpose to discriminate against him based on his membership in a protected class. Plaintiff alleges that Letchworth indicated that Plaintiff was Hispanic/Latino on an incident report when Plaintiff is not Hispanic/Latino. Even liberally construed, these allegations do not establish that Letchworth

acted with the intent or purpose to discriminate against Plaintiff based on his membership in a protected class. So, the undersigned recommends dismissing this claim without prejudice and with leave to amend.

***H.* Monell *liability against Nye County.***

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id*. at 60.

Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). A municipality may be held liable under a theory that an authorized policymaker has approved and ratified a subordinate's decision and the basis for it. *See Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Id.* Normally, a "mere failure to discipline does not amount to ratification of allegedly unconstitutional actions." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022) (cleaned up) (internal citations and quotations omitted); *see also Koenig v. City of Bainbridge Island*, No. C10-5700-RJB, 2011 WL 3759779, at *8 (W.D. Wash. Aug. 25, 2011) (explaining that "in order for there to be ratification, there must be something more than a single failure to discipline") (internal quotations omitted). But a failure to discipline despite "evidence of identical incidents to that alleged by the plaintiff" might constitute ratification. *See Velazquez v.*

*City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (cleaned up) (internal citations and quotations omitted).

Here, Plaintiff alleges sufficient facts to establish *Monell* liability against Nye County for Plaintiff's allegation that Nye County ratified Letchworth's actions.[3] Plaintiff alleges that "[o]fficial policy includes the racial profiling form" and "Nye County failing to discipline Letchworth…" But Plaintiff has not sufficiently shown that this checkbox refers to the constitutional violation of racial profiling. And the existence of this checkbox alone does not demonstrate that Nye County had a policy or custom to allow racial profiling. On the other hand, liberally construing his complaint, Plaintiff does allege a colorable claim for *Monell* liability under the theory of ratification given his reference to other complaints against Letchworth for similar issues like false statements and illegal vehicle tows. While it is unclear if these other complaints were substantiated or if Letchworth was ever disciplined for them, Plaintiff has alleged that Letchworth was not disciplined for the infractions involved in his incident and has alleged that Letchworth later committed similar infractions against others. This is sufficient for screening purposes because the undersigned can infer that Nye County's failure to discipline Letchworth for his infractions during Plaintiff's incident constituted a ratification of Letchworth's actions such that Letchworth continued to make those infractions. So, the undersigned recommends allowing this claim to proceed against Nye County.

***I. Violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981-1982 against all Defendants.[4]***

42 U.S.C. § 1981 protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race. *See* 42 U.S.C. § 1981; *see*

---

[3] Plaintiff also brings this claim against Nye County on the basis of his supplemental allegations. However, because the undersigned recommends denying Plaintiff's motion to supplement, the undersigned does not screen those claims here.

[4] Plaintiff references the Civil Rights Act of 1866 as a "statute at large" in nearly all of his claims. However, because Plaintiff separately brings this claim under the Civil Rights Act of 1866, the undersigned only addresses it here. The undersigned also construes this claim as alleged against Letchworth and Nye County only because the undersigned recommends not permitting Plaintiff's supplemental claims against McGill, Nicholson, and Kunzi to proceed.

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006). A plaintiff asserting a § 1981 claim must "identify an impaired 'contractual relationship'…under which the plaintiff has rights." *Id.* at 476. In addition, the plaintiff must "initially plead and ultimately prove that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). 42 U.S.C. § 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To state a claim under § 1982, a plaintiff must plead that he or she (1) is a member of a racial minority; (2) applied for and was qualified to rent or purchase certain property or housing; (3) was rejected; and (4) that the housing or rental opportunity remained available thereafter. *See Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

Here, Plaintiff does not allege a claim under 42 U.S.C. § 1981 because, although he identifies a contract between him and a third party to provide moving services, he does not demonstrate that but for his race he would have not suffered loss of his rights under that contract. Plaintiff does not allege a claim under 42 U.S.C. § 1982 because he does not allege that he applied for or was rejected from renting or purchasing property. The undersigned therefore recommends dismissing Plaintiff's 42 U.S.C. §§ 1981 and 1982 claims without prejudice and with leave to amend.

**III. Plaintiff's motion to extend deadline for service.**

The undersigned recommends denying Plaintiff's motion to extend the time for service of his second amended complaint as moot because the undersigned recommends granting in part Plaintiff's motion to file a third amended complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that "[i]t is well established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent") (internal quotations omitted).

///

///

**ORDER**

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order and report and recommendation.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to extend time for service (ECF No. 13) be **denied as moot.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to amend his complaint (ECF No. 14) be **granted in part and denied in part.** It is recommended that Plaintiff's motion to amend be denied in part regarding Plaintiff's request to supplement his complaint to bring claims against McGill, Nicholson, Kunzi, and Nye County arising out of his public records request. It is recommended that Plaintiff's motion to amend be granted in part regarding Plaintiff's proposed amended claims against Letchworth and Nye County arising out of the March 4, 2024, incident and Plaintiff's subsequent complaint to Nye County.

**IT IS FURTHER RECOMMENDED** that Plaintiff's proposed amended complaint (ECF No. 14 at 6-69) be filed on the docket and that summonses be issued for Letchworth and Nye County.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted to proceed on the following amended claims:

(1) Plaintiff's Fourth Amendment unreasonable seizure claim on the basis of Letchworth's detention of Plaintiff as alleged against Letchworth.

(2) Plaintiff's Fourth Amendment unreasonable seizure claim on the basis of Letchworth towing Plaintiff's truck as alleged against Letchworth.

(3) Plaintiff's Fourteenth Amendment Due Process Clause claim as alleged against Letchworth.

(4) Plaintiff's First Amendment retaliation claim as alleged against Letchworth.

(5) Plaintiff's Fourth Amendment malicious prosecution claim as alleged against Letchworth.

(6) Plaintiff's *Monell* claim for ratifying Letchworth's behavior as alleged against Nye County.

**IT IS FURTHER RECOMMENDED** that the following amended claims be dismissed without prejudice and with leave to amend:

(1) Plaintiff's Eighth Amendment excessive fines claim as alleged against Nye County.

(2) Plaintiff's Fourteenth Amendment Equal Protection Clause racial profiling claim as alleged against Letchworth.

(3) Plaintiff's 42 U.S.C. §§ 1981-1982 claim as alleged against Nye County and Letchworth.

## <u>NOTICE</u>

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 9, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE